IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joshua Bryan Jordan, | ) | C/A No.: 2:22-3521-DCN-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| South Carolina Department of Corrections and Richard A. Darling, | ) | ORDER AND NOTICE |
| | ) | |
| Defendants. | ) | |
| | ) | |

Joshua Bryan Jordan ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint seeking compensatory damages pursuant to 42 U.S.C. § 1983 against the South Carolina Department of Corrections ("SCDC") and Richard A. Darling. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual and Procedural Background

This matter arises from Plaintiff's arrest for charges of conspiracy related to the crash of a drone at Leiber Correctional Institution that had a package attached containing lighters, blades, tobacco, and marijuana. Plaintiff alleges Darling obtained an arrest warrant for him using false information.

[ECF No. 1 at 3]. He alleges the false information was shown at the preliminary hearing. *Id.* at 2. He alleges the incident report is true and does not mention drugs, but alleges the arrest warrant affidavit is false.[1] Plaintiff requests the charges be dropped and also seeks monetary damages. *Id.* at 8.

II.     Discussion

    A.     Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] The incident report reflects that the package attached to the drone included 435 grams of a brown leafy substance, but the arrest warrant affidavit states 585 grams of a green leafy substance "which did field test presumptive for Marijuana." [ECF No. 1 at 5–6].

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

        1.    Darling

Plaintiff's claims against Darling are subject to dismissal for failure to provide sufficient factual allegations. Plaintiff indicates he was arrested based on false information in the affidavit. Although *Wallace v. Kato*, 549 U.S. 384 (2007) (finding *Heck v. Humphrey*, 512 U.S. 477 (1994), does not bar false arrest claims by pretrial detainees), would apply to this case, Plaintiff's claims fail because he has been indicted in Dorchester County on charges of criminal conspiracy, attempt to furnish prisoner with contraband, and operating an

unmanned aerial vehicle within a certain distance of a corrections facility.[2] A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. *See Gatter v. Zappile*, 67 F. Supp. 2d 515, 519 (E.D. Pa. 1999) (collecting cases holding that a grand jury indictment is affirmative evidence of probable cause, *aff'd*, 225 F.3d 648 (3d Cir. 2000)); *Odom v. Roberts*, C/A No. 6:12-2452-TMC-JDA, 2012 WL 4061679, at *2 (D.S.C. August 27, 2012), *report and recommendation adopted,* No. C/A No. 6:12-2452-TMC, 2012 WL 4059916 (D.S.C. Sept. 14, 2012).

In addition, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 44 (1971); *Nivens v. Gilchrist*, 319 F.3d 151, 158-62 (4th Cir. 2003); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). Further, federal district courts should abstain from considering constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc.*, 887 F.2d at

---

[2] See Dorchester Cnty, Clerk of Court, Public Index, https://publicindex.sccourts.org/Dorchester/PublicIndex/PISearch.aspx (last visited October 20, 2022). A court may take judicial notice of factual information located in postings on government websites. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (finding that court may "properly take judicial notice of matters of public record").

52. Here, Plaintiff can properly present his constitutional claims in his state criminal proceeding.

### 2. SCDC is not a proper defendant

To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, inanimate objects such as buildings, facilities, and grounds are not "persons" and cannot act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Here SCDC is not a person subject to suit under § 1983.

### NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **November 10, 2022**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original

5

complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend the district judge dismiss the complaint without leave for further amendment.

IT IS SO ORDERED.

October 20, 2022  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge